UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH ANGELET,

                        Plaintiff,                                 **VERIFIED**
                                                                              **COMPLAINT**
     -against-                                                 **and JURY DEMAND**

UNITED STATES OF AMERICA,
KUDUVALLI OMPRAKASH, M.D., and
COMMUNITY HEALTH CENTER OF RICHMOND,
INC.,

                        Defendants.
-----------------------------------------------------------------X

        Plaintiff, by his attorney, DAVID HOROWITZ, P.C., upon information and belief, for his Complaint, alleges:

## Jurisdiction

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and 1346(b).

2. On or about May 18, 2020, plaintiff submitted an Administrative Claim for the claim set forth below with defendant United States of America.

3. On or about November 19, 2020, after the expiration of a six month period from the date of receipt of said Administrative claim, defendant United States of America failed to settle, approve or deny said Administrative Claim.

4. Less than six months have elapsed since the expiration of the six month period from the date of receipt of said Administrative Claim, and all conditions precedent have been satisfied for commencing a cause of action pursuant to the Federal Tort Claims Act.

5. Venue is properly within this District under 28 U.S.C. §1302(b), as all the acts complained of occurred in the Eastern District of New York.

## Parties

6. Plaintiff is a resident of the State of New York, County of Richmond.

7. The defendant Kuduvalli Omprakash, M.D. (hereinafter "Omprakash"), is an appropriate defendant under the Federal Tort Claims Act, as an employee of a Federally Deemed Health Center protected under the Federally Deemed Health Center Assistance Act.

8. The defendant Community Health Center of Richmond, Inc. (hereinafter "CHCR"), is an appropriate defendant under the Federal Tort Claims Act, as it is a Federally Deemed Health Center protected under the Federally Deemed Health Center Assistance Act.

9. The United States of America is an appropriate defendant under the Federal Tort Claims Act, pursuant to USC §1346(b)1 and §2671-2680.

## Facts

10. That plaintiff was a patient of defendant CHCR from July 2018 through and including December 24, 2018.

11. That on July 17, 2018, plaintiff was examined and treated as a patient at CHCR by defendant Omprakash for complaints including pain and swelling to the lower extremities.

12. That defendant Omprakash referred plaintiff for a Doppler Venous test at Richmond University Hospital which was performed on July 26, 2018.

13. On August 2, 2018, plaintiff returned to CHCR for another appointment to see defendant Omprakash.

14. On August 2, 2018, plaintiff informed defendant Omprakash of his continuing complaints of lower extremity swelling which was worse on the right leg and foot.

15. That on August 2, 2018, defendant Omprakash prescribed Furosemide (20 mg) one tablet per day for thirty days, with two renewals.

16. At the August 2, 2018 visit, defendant Omprakash also advised plaintiff to wear a surgical stocking.

17. From August 2, 2018 through December 24, 2018, plaintiff took the Furosemide as prescribed and wore the surgical stocking.

18. Defendants' office was informed by telephone on several occasions during the period from August 2, 2018 through and including December 24, 2018, that plaintiff was taking the Furosemide and wear the surgical stockings as prescribed, but that he was continuing to suffer from swelling and cramping of the right leg and foot.

19. Defendants' nursing and/or office staff advised that plaintiff should continue to take the Furosemide as prescribed and wear the surgical stockings.

20. Defendants renewed the plaintiff's prescription for Furosemide by telephone on or about October 22, 2018 and on or about November 26, 2018.

21. Defendants did not instruct plaintiff to come to defendants' office to be examined and evaluated despite being informed of plaintiff's continuing complaints.

22. Defendants simply continued renewing plaintiff's prescription for Furosemide and instructed him to continue taking the medication as prescribed and to keep wearing the surgical stocking.

23. On December 24, 2018, while walking in the afternoon, plaintiff's right knee popped and his right leg started to blister near the calf.

24. On December 24, 2018, plaintiff went to the emergency room at Staten Island University Hospital.

25. Plaintiff was admitted to Staten Island University Hospital from Dcember 24, 2018 through January 30, 2019.

26. Plaintiff was diagnosed with cellulitis and necrotizing fasciitis of the right leg and foot.

27. During said admission, plaintiff was confined to the ICU and Burn Units, and he underwent eight surgical procedures, including skin grafts, to address infection and necrotic tissue in the right leg and foot.

28. That the plaintiff suffered severe and permanent injuries.

29. That as the result of the foregoing, defendant Omprakash was negligent, careless and committed medical malpractice in the care and treatment of plaintiff in: prescribing and/or continuing to renew the prescription for Furosemide; failing to properly monitor or follow the patient; failing to schedule follow-up examination(s) while continuing to prescribe Furosemide; failing to examine the plaintiff at appropriate intervals; failing to instruct the plaintiff to come to the office to be examined; failing to heed plaintiff's complaints; failing to properly consider plaintiff's continuing complaints; failing to properly monitor and/or diagnose plaintiff's condition; failing to properly assess the risks to plaintiff of the medication; failing to properly communicate with the patient; failing to properly supervise the patient; failing to properly diagnose the plaintiff; renewing medication prescription despite being informed of plaintiff's continuing complaints; permitting office staff to provide medical advice to the patient; failing to take a proper history; failing to prevent plaintiff from developing necrotizing fasciitis and/or infection; failing to prevent plaintiff from developing hypokalemia, kidney dysfunction; failing to properly advise plaintiff as to the side effects and/or complications of Furosemide; causing plaintiff to suffer depletion of water and/or electrolyte depletion; causing skin changes to the skin of the right leg and foot; failing to recognize the risks to plaintiff of continuing to prescribe Furosemide; failing to properly assess plaintiff's condition.

30. That defendant CHCR, by its employees, agents, servants, physicians and medical and/or office staff, was negligent, careless and committed medical malpractice in the care and treatment of plaintiff in: failing to properly monitor its patients; failing to properly monitor its employees; failing to properly supervise its employees; failing to implement and/or carry out appropriate protocols for monitoring and/or scheduling appointments to see patients; failing to implement and/or carry out appropriate protocols for renewal of prescriptions; failing to properly document and/or communicate patient complaints received by telephone; failing to properly schedule plaintiff for follow up examination(s) in the office at appropriate intervals; failing to consult with an appropriate physician regarding renewal of plaintiff's prescription; prescribing and/or continuing to renew the prescription for Furosemide; failing to properly monitor or follow the patient; failing to schedule follow-up examination(s) while continuing to prescribe Furosemide; failing to examine the plaintiff at appropriate intervals; failing to instruct the plaintiff to come to the office to be examined; failing to heed plaintiff's complaints; failing to properly consider plaintiff's continuing complaints; failing to properly monitor and/or diagnose plaintiff's condition; failing to properly assess the risks to plaintiff of the medication; failing to properly communicate with the patient; failing to properly supervise the patient; failing to properly diagnose the plaintiff; renewing medication prescription despite being informed of plaintiff's continuing complaints; permitting office staff to provide medical advice to the patient; failing to take a proper history; failing to prevent plaintiff from developing necrotizing fasciitis and/or infection; failing to prevent plaintiff from developing hypokalemia, kidney dysfunction; failing to properly advise plaintiff as to the side effects and/or complications of Furosemide; causing plaintiff to suffer depletion of water and/or electrolyte depletion; causing skin changes to

the skin of the right leg and foot; failing to recognize the risks to plaintiff of continuing to prescribe Furosemide; failing to properly assess plaintiff's condition.

31. That as a result of the foregoing negligence, carelessness and medical malpractice of defendants, plaintiff suffered and sustained severe personal injuries, both permanent and temporary, has and will suffer continuing injuries, mental anguish and pain and suffering, in the sum of Five Million ($5,000,000.00) Dollars.

32. That the negligence, carelessness and medical malpractice of defendants and employees of defendants, caused plaintiff to sustain serious and severe injuries.

33. That under the Federal Torts Claims Act, defendant United States of America and defendant CHCR is liable for the above described acts/omissions of their employees, agents, servants and/or assigns, including defendant Omprakash, as they were acting within the scope of their employment by same at a Federally Deemed Health Center.

WHEREFORE, plaintiff requests this Court award plaintiff compensatory damages as against defendants, as well as costs, disbursements and attorney's fees incurred in this action, and such other and further relief as it deems just and proper.

Dated: New York, New York
December 14, 2020

Respectfully submitted,

DAVID HOROWITZ, P.C.

By:
David Fischman (DF 4518)
Attorneys for Plaintiff
171 Madison Avenue, Suite 1300
New York, N.Y. 10016
(212) 684-3630 ext. 103